IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


LEONARD HENRY,                        :
                                      :
          Petitioner                  :     CIVIL NO. 3:CV-12-879
                                      :
     v.                               :     (Judge Conaboy)
                                      :                    **FILED**
WARDEN USP-CANAAN,                    :                    **SCRANTON**
                                      :
          Respondent                  :                    MAY 3 1 2012

                    **MEMORANDUM**          _____
                    **Background**          PER_____
                                            DEPUTY CLERK

     Leonard Henry, an inmate presently confined at the Canaan

United States Penitentiary, Waymart, Pennsylvania (USP-Canaan),

initiated this pro se petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241.  The required filing fee has been

paid.

     Named as Respondent is the Warden of USP-Canaan.[1]

Petitioner states that he was convicted intimidating a witness

as well as drug trafficking and firearm related offenses in the

United States District Court for the Southern District of

Florida.  See Doc. 1, p. 2.  He was sentenced on June 2, 1995 to

a "life sentence." Doc. 1, ¶ 13.

_____

     [1]  The only properly named Respondent in a federal habeas
corpus action is Petitioner's custodial official.  See 28 U.S.C. §
2242.

Petitioner states that following a direct appeal his conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit on November 7, 1998. See id. at ¶ 7. Henry also indicates that he filed a second challenge to his conviction and sentence which was denied by the Eleventh Circuit Court of Appeals on April 21, 2000.

The petition next asserts that Henry sought relief via a petition pursuant to 28 U.S.C. § 2255 which was denied by the district court on April 9, 2002. The Court of Appeals for the Eleventh Circuit affirmed that decision on July 30, 2002 and a petition for writ of certiorari was denied by the United Sates Supreme Court on June 18, 2003.

Henry's pending action challenges the legality of the sentence imposed by the Southern district of Florida. Specifically, Petitioner claims that his underlying convictions carry a maximum sentence of twenty (20) years. See id. at ¶ 13. Consequently, he concludes the imposition of a life sentence was excessive and not in accordance with 18 U.S.C. § 3581. See id. at p. 5. Petitioner does not specify what relief he is requesting.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal

pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Petitioner generally argues that he is entitled to bring his present claim of an excessive sentence in a § 2241 petition because he "was never provided a full or fair consideration of his claims at trial, direct appeal, section 2255 proceedings, certificate of appealability (COA) or Rule 60(b) motions." Doc. 1, p. 10. When challenging the validity of a federal sentence

and not its execution,[2] a federal prisoner is generally limited
to seeking relief by way of a motion pursuant to § 2255.  In re
Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v.
Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255
motion filed in the sentencing court is the presumptive means for
a federal prisoner to challenge the validity of a conviction or
sentence").  A challenge can only be brought under § 2241 if "it
. . . appears that the remedy by [a § 2255] motion is inadequate
or ineffective to test the legality of his detention."  28 U.S.C.
§ 2255(e).  This language in § 2255, known as the safety-valve
clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251;
Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely
narrow and has been held to apply in unusual situations, such as
those in which a prisoner has had no prior opportunity to
challenge his conviction for a crime later deemed to be non-
criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal
inability to use it, that is determinative."  Cradle v. United
States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not
inadequate or ineffective merely because the sentencing court
does not grant relief, the one-year statute of limitations has

---

[2]  A federal prisoner may challenge the execution of his
sentence by initiating an action pursuant to § 2241.  See  Woodall
v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his federal sentence which was imposed by the Southern District of Florida. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner has already sought relief via a § 2255 action as well as other post-conviction motions. His Petition also indicates that he previously sought and was denied relief with respect to a claim that an excessive sentence was imposed.

Based upon those circumstances, Henry must obtain certification from the Eleventh Circuit Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." Likewise, even if both the District Court and the Court of Appeals previously denied an excessive sentence argument does not make his pending claim cognizable in a § 2241 action.

Furthermore, Henry's assertion that his prior claims were not fairly considered does not authorize this Court to consider his habeas corpus petition. His instant excessive sentence claim

is not based upon a contention that his conduct is no longer

criminal as a result of some change in the law.   Nor has

Petitioner shown that he is unable to present his claims in a §

2255 proceeding.   As recognized by the Hon. Kim R. Gibson in

Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa.

Nov. 18, 2008), for a challenge to a federal conviction to be

presented by a federal inmate by way of a § 2241 petition, there

must not only be "a claim of actual innocence but a claim of

actual innocence coupled with the inability to have brought the

claim before because of a change in the construction of the

criminal statute by a court having the last word on the proper

construction of the statute, which change rendered what had been

thought to be criminal within the ambit of the statute, no longer

criminal."   Clearly, Henry's claim do not fall within this

narrow exception to the general rule that section 2255 provides

the exclusive avenue by which a federal prisoner may mount a

collateral challenge to his conviction or sentence.  See Levan v.

Sneizek, 325 Fed. Appx. 55, 57  (3d Cir. April 2009).

Since § 2255 is not inadequate or ineffective to test the

legality of Petitioner's conviction, his § 2241 petition will be

dismissed for lack of jurisdiction.   Of course, this dismissal

has no effect on Petitioner's right to file a section 2255 motion

in the United States District Court for the Southern District of

Florida, provided Henry first obtains authorization from the

Eleventh Circuit Court of Appeals to file a second or successive

§ 2255 petition.  An appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge


DATED: MAY 31, 2012